ROLAND L. BELSOME, Judge.
 

 BOn May 28, 2009, the defendant was indicted for aggravated rape. Subsequent to his indictment, the defendant entered a plea of not guilty. On July 22, 2010, following a two day bench trial, defendant was found guilty of the lesser included offense of sexual battery. The defendant was sentenced to serve twenty-five years at hard labor with credit for time served. This appeal followed.
 

 The defendant’s indictment and conviction resulted from the molestation accusations of a six year-old female. At the time of the incident, the child lived in a home with her mother and younger sister. The defendant, whose nickname was Rocky, was a close friend of her mother’s and spent a substantial amount of time at the home occasionally staying overnight.
 

 The mother testified that if the defendant was at her home when she went to work, the defendant would take the children to the baby-sitter or wherever they had to go. On the night of January 17, 2009, the mother returned home from work. The defendant was at the home with her children. She immediately noticed that something was wrong with her daughter. The daughter claimed she had a sore | ¡Jhroat. Noticing sores inside the
 
 *295
 
 child’s mouth
 
 [1]
 
 the mother brought her to Children’s Hospital for treatment; the defendant stayed at the house. They returned from Children’s Hospital, and the defendant left shortly thereafter. The mother noticed that her daughter had an “attitude”, did not want to talk, and went into her bedroom to lie down.
 

 The following day, the mother described the child’s behavior as distant. When she asked the child what was wrong, she responded, “mom, you going to get mad.” The mother assured her daughter that she would not be angry and that she should tell her what was wrong. She told her mother that Rocky “put his thing in her mouth ...” Shortly thereafter, the mother took her daughter to the hospital and the child told a physician what had happened. The mother testified that after the incident with Rocky, her daughter did not want to be alone or have any visitors at the house and she became “real jittery”.
 

 Detective Darlene Stokes with the New Orleans Police Department’s child abuse unit was assigned to investigate the allegations of child molestation. Upon arriving at Children’s Hospital, Detective Stokes met with the mother and the child. The detective did not interview the child at that time. Later, a forensic examiner interviewed the child; the interview was audio and video recorded. Detective Stokes was not allowed inside the room with child and the examiner, but she was present in another room listening to the interview via an ear piece and microphone which allowed her input as to questions that the examiner should ask.
 

 After questioning the child, the trial court found her competent to testify at trial. On the stand she maintained that Rocky was the person that molested her. She also testified that the defendant stayed in the home with her when her mother |swas not home. She stated that the defendant put his “thing” in her mouth while she lay on the couch in the front room of her home. Her younger sister was also in the home at the time.
 

 At trial, the defendant denied that he molested the child or even stayed alone with her. The defendant denied speaking, meeting or interacting with the child at any time. He testified that he and, the mother met after Hurricane Katrina and were close friends but were not involved in a romantic relationship. He admitted that he stayed overnight at the mother’s home approximately twice per week for several years. He said he would watch T.V. and “chill” with Peanut and Kevin who also stayed overnight sometimes. He claimed that sometime in late November or early December 2008 he left the mother’s home after she accused him of stealing money and he never returned. He further testified that on the night of January 16, 2009 he was picked up from his brother’s house in New Orleans east by his friend, Dasha O’Connor, and they drove to her house in Chalmette where he remained the entire weekend. The defendant denied putting his penis in the young girl’s mouth, displaying his penis to her or touching her in an inappropriate way.
 

 Dasha O’Connor testified that she and the defendant met in 2000 or 2001. She stated that on the night of January 16, 2009 she drove to the defendant’s brother’s house in New Orleans East, picked him up and returned to her home in Violet, Louisiana. The defendant remained at her home the entire weekend. On January 18, 2009, she drove defendant back to his brother’s home in New Orleans East. She admitted that she was not with the defendant prior to January 16, 2009.
 

 
 *296
 
 James Hawkins, Jr., defendant’s brother, testified that defendant moved into his home around November 2008. He stated that the only time defendant did not Rspend the night at his house was when Dasha picked him up and drove him to her house.
 

 ERRORS PATENT:
 

 A review for errors patent reveals an error in defendant’s sentence for sexual battery. A person convicted of sexual battery shall be imprisoned at hard labor for not less than twenty-five years and not more than ninety-nine years with at least twenty-five years of the sentence served without benefit of parole, probation or suspension of sentence. La. R.S. 14:43.1(0(2).
 

 In the instant case, the district court failed to deny defendant benefits on his twenty-five year sentence. Accordingly, defendant’s sentence is illegally lenient. Generally, in instances where the statutory restrictions were not recited at sentencing, they are contained in the sentence, whether or not imposed by the sentencing court. La. R.S. 15:301.1(A);
 
 State v. Hall,
 
 2002-1098 (La.App. 4 Cir. 3/19/03), 843 So.2d 488. However, La. R.S. 15:301.1(A) and
 
 Hall
 
 do not apply in this instance because the sentence is “at least twenty-five years” which leaves some discretion for the trial court to determine how many of the twenty-five years should be served without benefits. Therefore, the case must be remanded for resentencing in -compliance with La. R.S. 14:43.1. This however, does not prevent us from determining the merits of the defendant’s appeal.
 

 ASSIGNMENT OF ERROR NUMBER 1:
 

 First, the defendant asserts that the evidence was insufficient to support his conviction. His primary argument is that there was no evidence that identified him as the perpetrator or any evidence that the alleged incident occurred. After hearing |5the testimony and viewing the exhibits, the trial court found the defendant guilty of the lesser included charge of sexual battery.
 
 [2]
 

 When reviewing the sufficiency of the evidence to support a conviction, this court is controlled by the standard set forth by the United States Supreme Court in
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which dictates that to affirm a conviction “the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt.” State
 
 v. Captville,
 
 448 So.2d 676, 678 (La.1984). In the absence of internal contradiction or irreconcilable conflict with the physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient to support a factual conclusion.
 
 State v. Robinson,
 
 2002-1869, p. 16 (La.4/14/04), 874 So.2d 66, 79;
 
 State v. Jones,
 
 97-2591, p. 7 (La.App. 4 Cir. 9/8/99), 744 So.2d 165, 169. Under the
 
 Jackson
 
 standard, the rational credibility determinations of the trier of fact are not to be second guessed by a reviewing court.
 
 *297
 

 State v. Juluke,
 
 98-341 (La.1/8/99), 725 So.2d 1291, 1293. “[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the | f,conviction is contrary to the weight of the evidence.”
 
 State v. Smith,
 
 600 So.2d 1319, 1324 (La.1992).
 

 When a defendant disputes identity, the State must negate any reasonable probability of misidentification.
 
 State v. Smith,
 
 430 So.2d 31, 45 (La.1983). Furthermore, aliases, nicknames or descriptions of race, color or otherwise are not only permissible but constitute competent, relevant and fully admissible evidence.
 
 State v. Edwards,
 
 97-1797 (La.7/2/99), 750 So.2d 893.
 

 In the instant case, when the child was asked if she saw Rocky in court she answered in the negative. Even though the victim who was six at the time of the incident did not recognize Rocky in court, the totality of the evidence negates any reasonable probability of misidentification. The mother testified that the defendant went by the nickname Rocky and that he was alone with the child on the night that she accused him of placing his “thing” in her mouth. The defendant’s own testimony established that he stayed overnight in the mother’s home twice per week for several years. The testimony supports a finding that the child was very familiar with the defendant and knew that he went by the nickname of Rocky.
 

 The child has never wavered on whether the incident occurred. She has consistently reported the events of that evening, to her mother, doctors and the court. Dr. Yameika Head, who performed a comprehensive physical examination and oral medical history of the child, testified that during the course of her examination, the child revealed that on more than one occasion the defendant had put his “thing” in her mouth and on her “thing” which made her feel embarrassed and “not happy”. From anatomical drawings, Dr. Head was able to discern that what the child meant by “thing” was male and female genitalia. Dr. Head further testified that what stood out to her during her examination was the child’s |7statement that after these incidents of molestation she had to “wipe herself with a tissue”. We find the evidence was sufficient to support the trial court’s finding that the defendant was guilty of sexual battery.
 

 ASSIGNMENT OF ERROR NUMBER TWO:
 

 Defendant asserts that the trial court erred in admitting the video/audio taped interview of the victim over the defense’s objection because the forensic investigator, Ahna Patterson, who conducted the interview, did not testify at trial; relator argues that the inability to cross-examine Ms. Patterson violated his due process confrontation rights. He argues that the testimony of Detective Stokes, the investigating detective, did not constitute a “supervisor” within the meaning of La. R.S. 15:440.5.
 

 There are two relevant statutes to be considered in determining whether a video/audio taped interview of a victim can be offered into evidence, La. R.S. 15:440.4 and 15:440.5.
 
 [3]
 

 
 *298
 
 |sThe trial court relied on
 
 State v. Roberts,
 
 42,417 (La.App. 2 Cir. 9/19/07), 966 So.2d 111, a case factually similar to the instant case, in determining that the video/audio taped interview should be allowed in as evidence. In
 
 Roberts,
 
 the defendant was convicted of molestation of a juvenile. The defense objected to the recorded interview of the minor victim being admitted into evidence because the interviewer was not available to be cross-examined; the defense argued that the investigating detective did not qualify as a “supervisor” as required by La. R.S. 15:440.5(A)(6). In allowing the introduction of the recorded interview, the Second Circuit dispensed with this assignment of error on procedural grounds.
 
 [4]
 
 In
 
 dicta,
 
 the court held that an investigating officer can serve as a supervisor within the meaning of La. R.S. 15:440.5(A)(6). The court also noted that the Louisiana Supreme Court in
 
 State v. Kennedy,
 
 2005-1981 (La.5/22/07), 957 So.2d 757, concluded that where the de-clarant is present to appear for cross-examination, the Confrontation Clause places no constraints at all on the use of the declarant’s prior testimonial statements. The defendant correctly states that the court in
 
 Roberts
 
 noted that while the holding in
 
 Kennedy
 
 does not address whether the absence of [ nthe interviewer’s testimony adversely affects the defendant’s confrontation rights, the holding illustrates that the core protection in the Sixth Amendment Confrontation Clause is the right to confront the accuser. The interviewer is not the accuser; the victim is the accuser.
 

 Additionally, the defendant argues that the holding in
 
 Roberts
 
 is not binding on this court and that, because neither this court or the Supreme Court has addressed this issue, this court should ignore the holding in
 
 Roberts
 
 as wrong and not apply it to the facts of the instant case. The defendant fails to present any factual or legal reasons to support his argument that the
 
 Roberts
 
 court’s analysis is flawed. Given the plain language of La. R.S. 15:440.4(A)(5) and 15:440.5(A)(6),
 
 [5]
 
 it is
 
 *299
 
 clear that the legislature by using the words “by a law enforcement officer” and “or supervising” intended to include Detective Stokes, the supervising law enforcement officer as the witness testifying as to whether the process of the recorded interview complied with the statutory requirements, thus allowing it to be admitted into evidence. The testimony and subsequent cross-examination of Detective Stokes at trial did not violate defendant’s confrontation rights. We find no error by the court in admitting the tape.
 

 ASSIGNMENT OF ERROR NUMBER THREE:
 

 In his third assignment of error, the defendant asserts that the trial court erred in admitting the video/audio taped statement of the victim where the victim could not provide any meaningful testimony and, thus, was “unavailable” to testify or be cross-examined. Specifically, defendant argues that A.C. did not remember the taped interview, the medical examination with Dr. Head or when she told her | inmother of defendant’s sexual abuse. As such, defendant argues that his constitutional right of confrontation was violated.
 

 The United States Constitution provides that “In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him.... ” U.S.C.A. Const, amend. 6. The Louisiana Constitution similarly provides, “An accused is entitled to confront and cross-examine the witnesses against him.... ” La. Const. Art. 1 Section 16.
 

 In support of his claim that he was denied his constitutional right to confront A.C., defendant cites
 
 State v. R.C., Jr.,
 
 494 So.2d 1350 (La.App. 2 Cir.1986), in which the five year old victim took the stand at trial and answered general questions on cross-examination, but refused to talk about the alleged sexual abuse, which the court found denied the defendant his constitutional right to confront his accuser.
 
 R.C.
 
 is distinguishable from the instant case.
 

 In this case, the court found the child competent to testify. On direct examination she stated that she remembered the tape and that everything on the tape was the truth. While her testimony clearly demonstrates the challenge in eliciting testimony from a six year old victim, she nevertheless clearly expressed that it was the defendant that sexually abused her. She testified that the defendant was alone with her when her mother went to the store and that he sexually abused her on the front couch. She was adamant that neither Peanut nor Kevin inappropriately touched her and that the defendant did place his “thing in her mouth”. When asked on cross-examination if her mother told her that someone put their thing in her mouth, she answered “No”. When defense counsel asked her if Inshe remembered telling Dr. Head that she denied telling her mother that anyone put their thing in her mouth, she responded quickly and clearly, “I didn’t say no”. The record reflects that the juvenile victim was available and provided meaningful answers to defense counsel’s questions on cross-examination regarding the facts that gave rise to the offense of sexual battery. For these reasons, we find there was no violation of the defendant’s constitutional right to confront his accuser.
 

 ASSIGNMENT OF ERROR NUMBER FOUR:
 

 Defendant argues that the trial court erred by permitting rebuttal witnesses to testify following the state’s failure to comply with the notice of alibi disclosure requirements.
 

 La.C.Cr. P. art. 727(A) provide that upon written demand of the district attorney stating the time, date, and place at
 
 *300
 
 which the alleged offense was committed, the defendant shall serve within ten days, or at such different time as the court may direct, upon the district attorney a written notice of his intention to offer a defense alibi. La.C.Cr. P. art. 727(A). Once the state receives the notice of alibi the state, within ten days, but in no event less than ten days before the defendant’s trial, unless the court otherwise directs, the district attorney shall serve upon the defendant or his attorney a written notice stating the names and addresses of the witnesses upon whom the state intends to rely to establish the defendant’s presence at the scene of the alleged offense and any other witnesses to be relied on to rebut the testimony of any of the defendant’s alibi witnesses. La.C.Cr. P. art. 727(B). Upon the failure of either party to comply with the requirements of article 727, the trial court may exclude the testimony of any undisclosed witness offered by such party as to the defendant’s absence from or presence at the scene of the alleged offense. La.C.Cr. P.art. 727(D).
 

 |1PIn the instant case, defendant does not provide the names of the state’s undisclosed witnesses. According to the trial transcript, there were no rebuttal witnesses to the defendant’s alibi witnesses. There was no evidence presented by the defendant to show an abuse of discretion by the trial court as set forth by this assignment of error.
 

 ASSIGNMENT OF ERROR NUMBER FIVE:
 

 Lastly, the defendant asserts that the district court abused its discretion by denying his motion for court funds to hire an expert in the area of child witness testimony. Specifically, defendant requested funds to hire an expert in the fields of child psychology, cognitive psychology and/or child interrogation techniques, arguing that numerous studies in the field of child psychology has revealed that young children can be susceptible to poorly phrased, repetitive, accusatory or confusing questions with the potential for misidentification.
 

 In the motion for appointment of an expert, the defendant merely states that he hired private counsel with the assistance of his family and that he and his family have exhausted their financial resources. No other documentation or evidence was produced to support defendant’s status as an indigent defendant. On January 15, 2010, the district court denied the motion; no written judgment was rendered and no transcript of an evidentiary hearing exists. The record does not indicate that the defendant objected to the denial, and he did not seek supervisory review of the denial. In general, expert fees may be provided to indigent defendants. The record falls short of establishing that this defendant was indigent. Thus, we cannot find an abuse of discretion for denying the motion to appoint an expert.
 

 | iaIn conclusion, given the record before this Court, we affirm the defendant’s conviction, vacate the defendant’s sentence, and remand for resentencing in compliance with La. R.S. 14:43.1.
 

 CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED
 

 [1]
 

 . This condition was not found to be related to the molestation.
 

 [2]
 

 . The crime of sexual battery is defined, in pertinent part, as follows:
 

 Sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender acts without the consent of the victim, or where the other person has not yet attained fifteen years of age and is at least three years younger than the offender:
 

 (1) The touching of the anus or genitals of the victim by the offender using ... any part of the body of the offender; or
 

 (2) The touching of the anus or genitals of the offender by the victim using ... any part of the body of the victim.
 

 [3]
 

 . La. R.S. 15:440.4 provides in pertinent part:
 

 A. A videotape of a protected person may be offered in evidence for or against a defendant. To render such a videotape competent evidence, it must be satisfactorily proved:
 

 (1) That such electronic recording was voluntarily made by the protected person.
 

 (2) That no relative of the protected person was present in the room where the recording was made.
 

 (3) That such recording was not made of answers to interrogatories calculated to
 
 *298
 
 lead the protected person to make any particular statement.
 

 (4) That the recording is accurate, has not been altered, and reflects what the protected person has said.
 

 (5) That the taking of the protected person's statement was supervised by a physician, a social worker, a law enforcement officer, a licensed psychologist, a licensed professional counselor, or an authorized representative of the Department of Social Services, (emphasis added).
 

 La. R.S. 15:440.5 provides in pertinent part:
 

 A. The videotape of an oral statement of the protected person made before the proceeding begins may be admissible into evidence if:
 

 (1) No attorney for either party was present when the statement was made;
 

 (2) The recording is both visual and oral and is recorded on film or videotape or by other electronic means;
 

 (3) The recording is accurate, has not been altered and reflects what the witness or victim said;
 

 (4) The statement was not made in response to questioning calculated to lead the protected person to make a particular statement;
 

 (5) Every voice on the recording is identified;
 

 (6) The person conducting or supervising the interview of the protected person in the recording is present at the proceeding and available to testify or be cross-examined by either party;
 

 (7) The defendant or the attorney for the defendant is afforded an opportunity to view the recording before it is offered into evidence; and
 

 (8) The protected person is available to testify, (emphasis added).
 

 [4]
 

 . The court found that the basis for this objection was raised for the first time on appeal.
 

 [5]
 

 . Statutory construction should be based on the plain language of the statute. See,
 
 Cleco Evangeline, LLC v. Louisiana Tax Commission,
 
 2001-2162 (La.4/3/07), 813 So.2d 351.